THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL A. GROTTI, Defendant-Appellant.

Fifth District    No. 81—652

Opinion filed February 17, 1983.

Randy E. Blue and Dan E. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William Percy, State's Attorney, of Nashville (Stephen E. Norris and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Following a bench trial in the circuit court of Washington County, the defendant was convicted of driving while license suspended. He was sentenced to nine months' probation, the first seven days to be served in the Washington County jail. He appeals from his conviction and sentence and argues that his conviction was the product of an illegal arrest.

The sole witness at defendant's brief trial was Thomas Lantner, former police chief of Ashley, Illinois. On February 14, 1981, he stopped the defendant, who was driving in Ashley, and asked for his driver's license, which had been suspended. The defendant was then arrested. On direct examination, Lantner stated that he stopped the defendant's vehicle because it matched the description of a vehicle seen "hot rodding up through town" about two weeks earlier. The people who had observed this activity did not give Lantner a description of the driver.

On cross-examination, Lantner admitted that the defendant had not violated any law in his presence, that no charges had been filed against him and that he had no warrant to arrest the defendant. In fact, he stated that he stopped the defendant because he wanted to talk to him. After this testimony, defense counsel moved to dismiss the charge against the defendant because the evidence showed that the arrest of the defendant was made without probable cause. This motion was denied.

■ The People argue that the defendant's motion was properly denied as untimely because section 114—12 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—12(b), (c)) requires a motion to suppress evidence to be made in writing before trial. However, as the defendant correctly notes, section 114—12(c) specifically allows motions to suppress to be made during trial (*People v. Strompolis* (1971), 2 Ill. App. 3d 289, 276 N.E.2d 464), and states that such a motion need not be made before trial if opportunity to do so did not exist "or the defendant was not aware of the grounds for the motion." Nothing in the record indicates that the defendant was aware before trial, or even that he should have been aware before trial, that his initial stop could have been made without probable cause. In fact, it does not appear that this issue was presented until Chief Lantner testified at trial. Under these circumstances, the

defendant's motion was timely. *People v. Thomas* (1967), 88 Ill. App. 2d 71, 232 N.E.2d 259.

■ In *Delaware v. Prouse* (1979), 440 U.S. 648, 661, 59 L. Ed. 2d 660, 672, 99 S. Ct. 1391, 1400, the Supreme Court held that the fourth amendment is violated if a driver is stopped on a public highway and his license and registration are checked "[w]hen there is not probable cause to believe that a driver is violating any one of the multitude of applicable traffic and equipment regulations—or other articulable basis amounting to reasonable suspicion that the driver is unlicensed or his vehicle unregistered ***." Here, Chief Lantner's uncontradicted testimony shows that the defendant did not violate any traffic laws or regulations in his presence and that Lantner had no reason to believe that the defendant was unlicensed or his vehicle was unregistered. As in *Prouse*, there was no specific reason to stop this defendant, because there was a "total lack of circumstances connecting defendant to a crime ***." (*People v. Lang* (1978), 66 Ill. App. 3d 920, 925, 383 N.E.2d 782, 786.) Nor does the suggestion that the vehicle which the defendant drove was seen "hot rodding" provide cause to stop the defendant, given that the observation had been made two weeks earlier and no description of the driver was given to Lantner. (Compare *People v. Kunath* (1981), 99 Ill. App. 3d 201, 425 N.E.2d 486.) Moreover, it is difficult to discern which portions of the Illinois Vehicle Code or local ordinance if any, were violated by the "hot rodding," whatever the complaining citizens may have meant by that term. The testimony of Chief Lantner is conclusive proof that the stop of the defendant was made without any articulable facts to justify it, and accordingly, defendant's conviction must be reversed as the fruit of that illegal stop. The judgment of the circuit court of Washington County is therefore reversed.

Reversed.

HARRISON, P.J., and KARNS, J., concur.